**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-6101**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DEMETRIUS DWAYNE SWINTON, a/k/a Meat, a/k/a Million Dolla Meat,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Beaufort. Richard Mark Gergel, District Judge.  (9:17-cr-00945-RMG-1; 9:20-cv-02170-RMG)

───────────

Submitted:  April 20, 2023                              Decided:  April 25, 2023

───────────

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Demetrius Dwayne Swinton, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Dwayne Swinton seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on April 27, 2022. Swinton filed the notice of appeal on January 17, 2023.[*] Because Swinton failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny Swinton's motion for a certificate of appealability and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the earliest date appearing on the notice of appeal is the earliest date Swinton could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).